IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
DARRYL CRAYTON,                                         : CASE NO. 1:05 CV 0729
                                                        :
                              Petitioner,               :
                                                        : MEMORANDUM AND ORDER
        -vs-                                            : ADOPTING REPORT AND
                                                        : RECOMMENDATION AND
                                                        : DISMISSING AND DENYING THE
                                                        : PETITIONER'S HABEAS PETITION,
MARGARET BRADSHAW, Warden,                              : AND DENYING A CERTIFICATE OF
                                                        : APPEALABILITY
                              Respondent.               :
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

## I. INTRODUCTION

On 14 March 2005, Petitioner Darryl Crayton filed a petition for writ of habeas corpus, under 28 U.S.C. § 2254, asserting four grounds for relief. (Docket No. 1). This case was automatically referred to Magistrate Judge William H. Baughman, Jr. for a Report and Recommendation ("R&R"). (Docket No. 11). The Magistrate Judge considered Mr. Crayton's petition (Docket No. 1), the respondent's return of writ (Docket No. 8), and the traverse to the return of writ (Docket No. 10). On 1 December 2006, Magistrate Judge Baughman filed his R&R, recommending the petition be dismissed in part and denied in part. (Docket No. 11). Petitioner then timely filed objections to the R&R on 10 January 2007. (Docket No. 14).

As discussed below, this Court will adopt the Magistrate Judge's R&R, dismissing

grounds three and four of Mr. Crayton's petition as procedurally defaulted, and denying grounds one and two of Mr. Crayton's petition upon a finding that the state court determinations were neither objectively unreasonable nor contrary to clearly established federal law.

## II. FACTS

### A. Trial Court

The record reflects that Mr. Crayton and an accomplice robbed two gas station convenience stores. (Docket No. 8, Att. 9, Exh. 28 pp. 6-7). The petitioner and the accomplice fled the second armed robbery in a high-speed police chase ending in a crash Id. at 28-29. Subsequent to the crash they were captured with the stolen goods. Id.

The state indicated that several victims had identified Mr. Crayton and that Mr. Crayton was visible on a surveillance tape committing the armed robbery. In response, Judge Daniel O. Corrigan, of the Cuyahoga County Common Pleas Court, advised Mr. Crayton that if he decided to plea, he would potentially be exposed to a maximum sentence of 43 years. Id. at 34, 73-74. Judge Corrigan engaged in the following colloquy with the Petitioner:

> Judge: You are under indictment here for four counts of Aggravated Robbery and Aggravated Robbery carries a possible penalty of 3, 4, 5, 6, 7, 8, 9, or 10 years under each count; do you understand that, Darryl?
>
> Crayton: Yes.
>
> Judge: . . . If they are run consecutively, that means you have to serve one before you start the other. Do you understand that; do you understand all of that, Darryl?
>
> Crayton: Yes.

> Judge: So you are risking the possibility of anywhere from 3 – 40 years on the aggravated robbery. Do you understand that?
>
> Crayton: Yes.
>
> Judge: . . .That's a lot of sleepless nights in prison, and, in addition to that, there are a couple of more counts here, which are Weapons Under Disability, Failure to Comply, and those are additional sentences. . . .
>
> (Docket 9 at 25-26).

Ultimately, Mr. Crayton was offered a plea agreement, which he signed, and Judge Corrigan advised him he would be exposed to a maximum sentence of 43 years. (Docket No. 8, Att. 10, Exh. 28 at 73-74). Pursuant to the Plea Agreement, Mr. Crayton pled guilty to three counts of aggravated robbery with gun specifications and one count of aggravated robbery without specifications.

After submitting his plea of guilty, Mr. Crayton made an oral motion during his sentencing hearing to withdraw the plea, alleging incomplete discovery and a lack of ruling on a motion to suppress. (Docket No. 8, Att. 10, Exh. 28 pp. 79). Judge Corrigan denied Mr. Crayton's motion to withdraw his plea and sentenced the Petitioner to 43 years imprisonment. The sentence represented an aggregate term of four ten-year robbery sentences plus a mandatory three-year gun specification term. (Docket No. 8, Att. 11, Exh. 28 pp. 108-109).

**B. Direct Appeal**

Mr. Crayton filed a timely direct appeal to the Eighth District Court of Appeals citing three grounds for error: (1) appellant's right to a speedy trial was violated; (2) appellant should have been allowed to withdraw his guilty plea; and (3) the trial court

erred in imposing maximum consecutive sentences. (Docket No. 8, Att. 2, Exh. 15 pp. ii). The Eighth District Appeals Court rejected each assignment of error and upheld the sentence. State v. Crayton, 2003 WL 21027500 (Ohio App. 8 Dist. May 8, 2003). Mr. Crayton, proceeding pro se, appealed to the Ohio Supreme Court citing the same errors. (Docket No. 8, Att. 6, Exh. 22 (Mr. Crayton's memorandum)). As the appeal presented no substantial constitutional question, the Ohio Supreme Court refused to hear the appeal. (Docket No. 8, Att. 7, Exh. 24 (state of Ohio memorandum in response)).

**C. Delayed Application for Reopening**

Approximately nine months after the Ohio Supreme Court denied Mr. Crayton's appeal, Mr. Crayton filed an untimely pro se application for delayed reopening of his appeal pursuant to Ohio Appellate Rule 26(B). (Docket No. 8, Att. 7, Exh. 25). Mr. Crayton claimed his application was untimely because the state failed to provide him with an attorney to complete the application. Id. In response, the state argued that a Rule 26(B) application constituted a post-conviction proceeding that did not entail a right to counsel and consequently Mr. Crayton's untimeliness should not be excused. (Docket No. 8, Att. 8, Exh. 26 pp. 3-5). The Eighth District Appeals Court agreed, concluding that because Mr. Crayton's Rule 26(B) application was untimely, the application should be denied. (Docket No. 8, Att. 8, Exh. 27 (journal entry and opinion)).

**D. Federal Habeas Petition**

Mr. Crayton timely filed the present petition for habeas relief asserting four grounds for relief:

4

(1) Petitioner's right to a speedy trial was violated.  Petitioner was held for 391 days pending trial, well in excess of any statutory limitations period.  The "deductions" taken by the state court of appeals were pre-textual in nature and not fairly supported by the record.

(2) Petitioner was deprived of due process of law by being illegally induced to enter a plea of guilty, and then being improperly refused his timely request to withdraw the plea.  The trial court illegally induced a plea of guilty based on false promises of leniency and despite petitioner's continuing protestations of innocence.  The trial court further refused to permit the withdrawal of the plea after the petitioner demonstrated that it [sic] was not fully counseled, knowingly or voluntarily or intelligently made.

(3) Petitioner's right to a trial by jury was violated by the imposition of multiple maximum and consecutive terms of incarceration totalling [sic] four time[s] the lawful maximum in absence of jury fact-finding or a valid waiver.  Petitioner's maximum sentence under Ohio law was a term of thirteen years.  Petitioner was sentenced to serve 43 years in the absence of any findings made by a jury as to sentence-enhancing elemental fact-finding, and in the absence of any waiver thereof.

(4) Petitioner was deprived of the effective assistance of counsel at trial and on appeal.  Trial counsel failed to advise petitioner properly on a clear point of law or to adequately research, prepare and investigate, resulting in the entry of the plea. Appellant['s] [sic] counsel failed to present the substantial, significant and obvious constitutional issues regarding the trial court taking over the plea negotiation process and forcing a plea from the petitioner, resulting in prejudice to the [appellant].

(Docket No. 1 at 5-6).

The respondent opposed the habeas petition, arguing: (1) no violation of the speedy trial provision occurred; (2) Mr. Crayton's plea was correctly found to be knowing and voluntary by the reviewing appeals court; (3) Mr. Crayton's federal due process claim was never fairly presented to the Ohio courts; and (4) the ineffective assistance of counsel claim is procedurally defaulted.  (Docket No. 8).

### III. ANALYSIS

**A. Overview**

5

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this Court reviews <u>de novo</u> those portions of the Magistrate Judge's R&R to which the petitioner specifically objects. Mr. Crayton specifically objects to the R&R as follows:

> (1) Magistrate Judge Baughman's finding that "his claim of being denied his right to a trial by jury by the imposition of a maximum sentence without the requisite findings of fact by a jury [Ground Three];
>
> (2) Magistrate Judge Baughman's finding that [Crayton's] claim that he was deprived of the effective assistance of counsel on appeal [Ground Four] is procedurally defaulted;
>
> (3) Magistrate Judge Baughman's finding that "the state court did not act contrary to clearly established federal law in determining that the trial court properly declined to permit the withdrawal of Petitioner's guilty plea [Ground Two]; and
>
> (4) Magistrate Judge Baughman's finding that "the state appeals court did not act contrary to clearly established federal law in determining that no violation of Petitioner's speedy trial rights occurred [Ground One]."

(Docket No. 14 at 2, 6, 8).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  In parallel with the underlying R&R, the Court will address each of Mr. Crayton's objections beginning with the procedural issues in ground three and ground four, and followed by the merits issues in ground one and ground two.

**B. Procedural Default Standard: Considering Grounds Three and Four.**

"A petitioner for a writ of habeas corpus must meet certain procedural requirements to permit review of his or her habeas claims by a federal court. The petitioner must first exhaust the remedies available in state court by fairly presenting his [or her] federal claims to the state courts; unexhausted claims will not be reviewed by

6

the federal court." Smith v. State of Ohio Dep't of Rehab. & Corrs., 463 F.3d 426, 430 (6th Cir. 2006) (internal citations omitted). The petitioner bears the burden of proving that he has exhausted those remedies. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). If a petitioner fails to raise his or her habeas claim in state court while state remedies are available or fails to comply with a state procedural rule, preventing the state court from reaching the merits of the claims, petitioner has procedurally defaulted and the federal court will not review the defaulted claim. Seymour v. Walker, 224 F.3d 542, 549 (6th Cir. 2000) (citing Wainwright v. Sykes, 433 U.S. 72, 80 (1977)).

If a state prisoner has "defaulted on his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). To establish "cause" for procedural default, a habeas petitioner must show that "something *external* to the petitioner, something that cannot be fairly attributable to him" precluded him from complying with the state procedural rule. Id. at 753 (citations omitted, emphasis in original). To establish "prejudice," petitioner must demonstrate that any alleged constitutional error be shown to have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

**1. Ground Three: Due Process Violation.**

In his habeas petition, Mr. Crayton claims his "right to trial by jury was violated by the imposition of multiple maximum and consecutive terms of incarceration totalling [sic] four time [sic] the lawful maximum in the absence of jury fact-finding or valid waiver." (Docket No. 1 at 6).  The respondent maintains that Mr. Crayton procedurally defaulted on ground three of his federal habeas claim by failing to "fairly present" his claim to any state court prior to bringing it to federal court.  (Docket No. 8 at 10).  In his traverse, Mr. Crayton concedes the federal claim is "phrased differently" from the claim presented to the state court of appeals, but argues a "jailhouse lawyer" actually changed the wording thus excusing Mr. Crayton from strict compliance.  (Docket No. 10 at 11).

The Magistrate Judge correctly concludes that while "Crayton probably did permit another inmate to alter his previously asserted claim concerning the terms of his sentence, there is no basis for recommending that this present, re-worded claim be heard by a federal habeas court."  (R&R at 15).  Mr. Crayton repeats his previous arguments in his objections to the R&R, claiming that because he "lacks skill or knowledge in the science of law," the Court should overlook the procedural problem created by the re-wording of his habeas claim.  (Docket No. 14 at 2-3).

Since petitioner fails to present any arguments in his objections different from those presented in the habeas petition or traverse to surmount the procedural obstacle created by the re-wording of ground three of his habeas claim, this Court agrees with the Magistrate Judge that the Ohio courts were not fairly informed of petitioner's federal constitutional claim.

The Sixth Circuit has long observed that the same claim under the same theory must be presented to the state courts for proper exhaustion under habeas.  Pillette v.

Foltz, 824 F.2d 494, 496 (6th Cir. 1987).   While Mr. Crayton presents a justification for his failure to assert his federal claim in the state courts, the justification does not meet the "cause" and "prejudice" requirement that would permit this Court to address the merits of Petitioner's claim.  Consequently, ground three of Mr. Crayton's petition for relief will be dismissed on procedural grounds.

### 2. Ground Four: Ineffective Assistance of Counsel

Ground four of Mr. Crayton's petition for relief states he was "deprived of the effective assistance of counsel at trial and on appeal." (Docket No. 1 at 6).  Mr. Crayton initially raised his ineffective counsel argument through an Ohio Appellate Rule 26(B)[1] application to the state court.  He claimed his trial counsel failed to properly advise him about his guilty plea and his appellate counsel failed to argue that the trial court improperly involved itself in the plea negotiations.  In his 26(B) application, Mr. Crayton argued that his claim should be heard, despite his failure to submit the application within the required, ninety-day, time frame, because he believed that under White v. Schotten, 201 F.3d 743, 752-53 (6th Cir.2000), he was constitutionally entitled to counsel for his Rule 26(B) application.

However, in Lopez v. Wilson, the Sixth Circuit overturned White, determining that an Ohio Rule 26(B) application to reopen an appeal is part of post-conviction review and carried with it no constitutional right to counsel.  Lopez, 426 F.3d 339, 343 (6th Cir. 2005).  In light of the decision in Lopez, the Ohio Court of Appeals denied the 26(B)

---

[1] Ohio Appellate Rule 26(B) provides: "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.  An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

application as untimely. The state appellate court further held that because Mr. Crayton failed to present the claim on direct appeal to the Ohio Supreme Court, his claim was procedurally barred by res judicata. (Docket No. 8, Att. 1).

Mr. Crayton now files a habeas petition claiming ineffective assistance of counsel. The respondent maintains Mr. Crayton's application was rejected in compliance with an established rule regarding timeliness for a Rule 26(B) application and that untimeliness could not be excused by lack of counsel since counsel is not required for post-conviction proceedings. (Docket No. 8). Mr. Crayton did not reply to the respondent's procedural argument in his traverse (Docket No. 10). The Magistrate Judge concluded that the decision of the state court to deny the Rule 26(B) application constituted proper application of a state procedural rule because the petitioner's only reason for his untimely Rule 26(B) application was lack of an attorney to prepare the application. (R&R at 17). In his objections to the R&R, Mr. Crayton argues that the state procedural rule is not "an adequate and independent" ground to federal relief because the Rule 26(B) requirement for timeliness is "inconsistently applied." (Docket No. 14 at 4).

For noncompliance with a state procedure to serve as a bar to habeas review, the state procedure must satisfy the standards set forth in Maupin v. Smith, 785 F.2d 135, 138 (6th Cir.1986). First, there must be a state procedure in place that the petitioner failed to follow. Id. Second, the state court must have actually denied consideration of the petitioner's claim on the ground of the state procedural default. Id. Third, the state procedural rule must be an "adequate and independent state ground" to preclude habeas review. Id. This inquiry "generally will involve an examination of the

legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims." Id.

A state procedural rule is an independent ground when it does not rely on federal law. Coleman v. Thompson, 501 U.S. 722, 732 (1991). Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent ground to preclude review, the petitioner must then demonstrate cause and prejudice to overcome procedural default. Id. at 750.

Under Coleman, a state procedural rule enforcing a timely filing requirement is an adequate and independent basis which state courts may rely upon to deny review of a federal claim. Coleman v. Thompson, 501 U.S. 722, 729 (1991). Since Mr. Crayton demonstrated neither "cause" nor "prejudice" to excuse his failure to comply with the state procedure, this Court will adopt the Magistrate Judge's position and ground four of Mr. Crayton's habeas petition will be dismissed as procedurally defaulted.

**C. Substantive Issues**

Under AEDPA, a writ of habeas corpus must be denied unless the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1)-(2). Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the U.S. Supreme Court has decided on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06

(2000).

Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the U.S. Supreme Court's decisions but unreasonably applies that principle to the facts. Williams, 529 U.S. at 407-08.  This clause may also provide relief where the state court decision either unreasonably extends or unreasonably refuses to extend a legal principle from the U.S. Supreme Court precedent to a new context.  Lancaster v. Adams, 324 F.3d 423, 429 (6th Cir.), cert. denied, 540 U.S. 1004 (2003).  The proper inquiry for the "unreasonable application" analysis is whether the state court decision was objectively unreasonable and not simply erroneous or incorrect.  Williams, 529 U.S. at 409-11; Mitchell v. Mason, 325 F.3d 732, 738 (6th Cir.2003), cert. denied, 543 U.S. 1080 (2005).

A de novo review of the record leads this Court to adopt the Magistrate Judge's R&R's to deny a writ for ground one and ground two of Mr. Crayton's petition for relief where this Court finds the Ohio Court of Appeal's determination of the issues was neither objectively unreasonable nor contrary to clearly established federal law.

**1. Ground One: Speedy Trial Protection Violated**

In his first ground for relief, Petitioner claims the state failed to comply with Ohio's speedy trial provision by holding him in excess of 391 days pending trial.  (Docket No. 1 at 5).  The respondent maintains Mr. Crayton requested seven specific continuances that tolled the statute for a total of 113 days and bring the total number of days within the statutorily required limit.

A claim that the state has violated this constitutional guarantee is a fact-intensive inquiry requiring the balancing of (1) "whether [the] delay before trial was uncommonly long," (2) "whether the government or the criminal defendant is more to blame for that delay," (3) "whether, in due course, the defendant asserted his right to a speedy trial," and (4) "whether he suffered prejudice as the delay's result." Wilson v. Mitchell, 250 F.3d 388, 394 (6th Cir. 2001) (citations omitted).  The length of delay is measured from the date of the indictment or the date of arrest and the start of the trial. Maples v. Stegall, 427 F.3d 1020, 1026 (6th Cir. 2005).  In general, a one-year delay between arrest or indictment and trial is considered "presumptively prejudicial."  Id.  However, any presumptive prejudice is not dispositive of a Sixth Amendment claim and must be evaluated as part of other criteria.  Doggett v. United States, 505 U.S. 647, 655-656 (1992).

The Ohio appeals court found that pursuant to Ohio statute, Mr. Crayton was responsible for various continuance motions which tolled the speedy trial clock.  State v. Crayton, 2003 WL 21027500 (Ohio App. 8 Dist. May 8, 2004) (citing Ohio Rev. Code § 2945.72(E)).  Mr. Crayton argued in response that the continuances that appear on the record as defense requests were "mere pretext" but offers no facts in support of his position.  (Docket No. 10 at 8).

This Court finds the state appellate court decision was not objectively unreasonable.  Further, the state appellate court did not act contrary to the clearly established federal law established in Doggett v. United States in determining Mr. Crayton's speedy trial claim.  Accordingly this Court accepts the Magistrate Judge's recommendation and ground one of Mr. Crayton's petition for habeas relief is denied.

**2.  Ground Two: Lack of Knowing and Voluntary Guilty Plea**

Mr. Crayton asserts that habeas relief should be granted because the state court refused to permit him to withdrawal his guilty plea thus depriving the plea of the required voluntary nature.  (Docket No. 1 at 5).  The Magistrate Judge's R&R cogently observes that while the state appeals court did not cite controlling authority, it did find that the trial court conducted "a lengthy hearing on [Mr. Crayton's] request to withdraw [his] plea." (R&R at 20).  In his objections to the R&R, the petitioner claims the Magistrate Judge "missed" the conclusion "supported by the record" that his plea was neither knowing nor voluntary.  The petitioner asserts that his "free will and voluntariness" were worn down on the day of the plea.  (Docket No. 14 at 7).

The U.S. Supreme Court states that a plea of guilt is valid if it is entered into voluntarily and intelligently as determined under the totality of the circumstances.  Brady v. United States, 397 U.S. 742, 749 (1970).  The constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.  Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005).  A guilty plea must also be accompanied by "an affirmative showing that it was intelligent and voluntary." Boykin v. Alabama, 395 U.S. 238, 242 (1969).  In the habeas context, the affirmative showing is generally accomplished by the production of a "transcript of the state court proceedings to establish that the plea was made voluntarily."  McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir. 2004) (citing Garcia v. Johnson, 991 F.2d 324, 326 (6th Cir. 1993)).  When evaluating the denial of a motion to withdraw a guilty plea, the federal habeas court must rely on the words used during the plea colloquy conducted in open court and not on any

contrary beliefs or expectations about the plea or its consequences held by the defendant.  Ramos v. Rogers, 170 F.3d 560 (6th Cir. 1999).

While Mr. Crayton claims the record supports his assertion that his plea was neither knowing nor voluntary, the plea colloquy establishes both a knowing and voluntary plea.  The transcript of the plea colloquy indicates the petitioner, first, believed the court would sentence him towards the lower end of the suggested range.  (Transcript at 72).  However, the transcript indicates the trial court judge corrected the petitioner's articulated subjective expectation and repeatedly asked whether he understood the consequences of pleading guilty.  (Transcript at 60-62).  The trial judge specifically explained the potential penalty for each charge which Mr. Crayton acknowledged, on the record, that he understood.  (Transcript at 66, 68, and 70).  Again, the trial judge asked Mr. Crayton if he understood the proceedings before accepting Mr. Crayton's guilty plea.  Mr. Crayton told the court to "go on with my pleas [sic]."  (Transcript at 77).

This Court agrees with the Magistrate Judge's assessment.  The state appellate court's decision that Mr. Crayton's plea was knowing and voluntary was neither objectively unreasonable nor contrary to clearly established law.  (R&R at 26).  Accordingly, ground two of Mr. Crayton's petition for relief will be denied.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  Murphy v. Ohio. 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a

certificate is warranted.  Id. at 467.  Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Murphy, 263 F.3d at 467.  Consequently, this Court examines petitioner's claims pursuant to the Slack standard.

Under Slack, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the foregoing reasons, the Court finds that reasonable jurists could not find that this Court's dismissal of Mr. Crayton's habeas claim was debatable or wrong.  Thus, the Court will deny Mr. Crayton a certificate of appealability.

Mr. Crayton presented four grounds for relief in his habeas petition.  Upon de novo review, pursuant to Mr. Crayton's objections to the Magistrate Judge's R&R, this Court dismissed ground three and ground four of the petition as procedurally defaulted, while ground one and ground two were denied after finding that the state appellate court determinations were not objectively unreasonable nor contrary to clearly established Federal law.

Upon review pursuant to Slack, this Court further concludes that Mr. Crayton has not established that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong.  Accordingly, pursuant to the standard laid down in Slack, this Court denies a COA for Mr. Crayton's habeas claims.

## V. CONCLUSION

For the foregoing reasons, this Court denies the petitioner's objections and adopts the Magistrate Judge's R&R. Accordingly, Mr. Crayton's habeas petition, pursuant to 28 U.S.C. § 2254, is dismissed in part and denied in part, without further proceedings.

IT IS SO ORDERED.

_____/s/Lesley Wells_____
UNITED STATES DISTRICT JUDGE

18